THE STATE OF OHIO, APPELLEE, *v.* ULLNER, APPELLANT.
(Two cases.)*

(Nos. 1081 and 1082—Decided April 27, 1957.)

*Mr. John W. Thomas,* for appellees.
*Messrs. Paxton & Seasongood, Mr. Robert P. Goldman, Mr. Reuven J. Katz* and *Mr. Edwin B. Pierce,* for appellants.

---

*Judgments affirmed, 167 Ohio St., 521.

MATTHEWS, J. These two appeals from judgments of affirmance by the Court of Common Pleas of convictions of the defendant, appellant herein, by the Municipal Court of the city of Hamilton, Ohio, for violation of Section 3773.24, Revised Code, are considered together.

There were two affidavits filed against the defendant. In one, he was charged with unlawfully opening, or causing to be opened, a building or place for the transaction of business on a designated Sunday. In the other affidavit, he was charged with requiring a person in his employ, or under his control, to engage in common labor on a designated Sunday.

The first error assigned is, that the complaint fails to allege knowledge or intent to violate the law and, therefore, fails to charge an offense. *Daugherty* v. *Village of Dennison,* 11 C. C. (N. S.), 13, 12 C. D., 776; *Goldsmith* v. *State,* 13 C. C. (N. S.), 148, 22 C. D., 160; and *City of Toledo* v. *Kohlhofer,* 96 Ohio App., 355, 122 N. E. (2d), 20, are cited in support of that contention. As to the first two cases, we think it sufficient to say that they were decided long prior to the enactment of the Code of Criminal Procedure, of which Section 2941.05, Revised Code, is a part, which expressly provides that it is sufficient for an information or indictment to be in the words of the statute defining the offense. The affidavits in the instant cases answer that test. As to the *Kohlhofer case,* we find it entirely dissimilar. To start with, in that case, unlike the affidavit in these cases, there was no averment that the act had been done unlawfully. Next, the character of the act was equivocal per se. It could be done lawfully. It became unlawful only when done knowingly and with purpose or intent. In the cases at bar, the acts could not be done within the law, no matter what the purpose, except in the instances set forth in the statute itself.

Next, it is urged that there is a failure of proof that the defendant opened the place for the transaction of business in the one instance, and, in the other instance, that he required the employees to perform common labor on Sunday. As this contention required a consideration of the evidence, we have read the bill of exceptions and have concluded that this contention is without merit.

The evidence shows that on the Sunday in question, what

seems to have been a rather large business establishment was being openly and actively operated. There was a corps of clerks serving many customers. It is not denied that the business was being operated and that it violated the terms of Section 3773.24, Revised Code. But, it is asserted that there is a failure of proof as to who was there at the beginning of business on that Sunday, and who employed those engaged and required the employees to perform the labor on that Sunday.

It seems to us that this dilemma is more apparent than real.

The evidence shows that the store was being operated by a family corporation. There were only three stockholders—two brothers and a sister—and all were actively engaged in this business. These three, either in person or through their agents, did these things. The defendant was present in the store at the time.

When we consider that those engaged in a common enterprise are each responsible for the acts of one another in pursuance of the common enterprise, and when we further consider that under the law of Ohio (Section 1.17, Revised Code) aiders and abettors are criminally liable and may be charged as principals, the speciousness of the contention is made manifest.

Finally, the broad contention is made that Section 3773.24, Revised Code, infringes freedom of religion and, therefore, violates both the state and federal Constitutions. It is said that recent decisions of the Supreme Court of the United States have broadened the "due process" clause of the Fourteenth Amendment to the United States Constitution so that it now includes all the first ten amendments of that instrument as limitations upon the power of the states, and that this requires a reconsideration and reappraisal of those Ohio cases sustaining this law (*State* v. *Powell,* 58 Ohio St., 324, 50 N. E., 900, 41 L. R. A. 854, and other cases) in the light of these later decisions of the Supreme Court of the United States.

We fail to see the necessity for this reappraisal. During the entire existence of the state of Ohio, its Constitution has withheld from the Legislature the power to pass any law that established any religion or prevented any person from worshiping his God according to the dictates of his own conscience.

Placing a double guard—federal as well as state, if such is the case—neither strengthens nor weakens the prohibition.

Whether we consider the question in relation to the state Constitution or the federal Constitution, or both, it remains the same, and that is, whether designating Sunday as the day of rest is a violation of the freedom of religion guaranteed by the Constitution, or of any other constitutional right.

That a state in the exercise of its police power has a right to make some regulation of work and rest is conceded. That such a power exists has been recognized since the beginning of history. And in our country, we say it is a part of that power to make all manner of laws having a reasonable relation to the health, morals, safety, general welfare and general prosperity. They are just objects of government, and so long as the specific law has a reasonable relation to one or more of those objects and operates uniformly on all similarly situated, whether the law shall be enacted is a matter of policy for the Legislature to determine, and with which the courts are not concerned. And no constitutional limitation restricts the exercise of such power. This law was passed in the exercise of that power, and the exception to the general prohibition cannot be said to have no reasonable basis.

But it is said that while requiring the observance of one day out of seven as a day of rest is a valid exercise of the police power, that power does not authorize the fixing of a specific day of the week as a day of rest, particularly when the specific day happens to be the day designated by the religion of the majority of the citizens as a day of rest, such as the Christian Sabbath. It is difficult—we think impossible—to make even a convincing argument that such a law has any relation whatsoever to religion, that is, that it has anything to do with man's relation to his God. It requires nothing. It imposes nothing. It dictates nothing. It leaves him completely free to choose his religion and practice it without let or hindrance.

If designating a specific day of the week as the day of rest is beyond the power of the Legislature, it must be for some other reason. We do not think that the Legislature is required to assign a reason for fixing a specific day, rather than leaving it to individual choice. We think valid reasons could be stated.

In passing legislation, it is a proper object to consider the ease or difficulty of enforcement. Now, certainly the power to enforce the observance of a specific day of rest would be much easier than to enforce a day of rest selected by the individual. It would seem that the latter would not only be difficult, but in fact impossible, to enforce. And the fact that a large group is already observing a specific day would be a proper thing to consider, and the selection of that day for that reason would not interfere with anyone's freedom of religion.

For these reasons, the judgments are affirmed.

*Judgments affirmed.*

HILDEBRANT, P. J., and LONG, J., concur.