THE STATE OF OHIO, APPELLEE, *v.* MIEL, JR., APPELLANT.*

*Motion for leave to appeal overruled (37402), May 9, 1962. Appeal dismissed, 173 Ohio St., 396.

(No. 827—Decided November 15, 1961.)

*Mr. Rex V. Larson,* prosecuting attorney, *Mr. John R. Cole* and *Mr. Theodore Lutz,* for appellee.

*Messrs. Anderson, Will & O'Donnell* and *Mr. Edward H. Jones,* for appellant.

RUTHERFORD, J.   This is an appeal on questions of law from a judgment and sentence of the defendant, Henry J. Miel, Jr., on a verdict of guilty returned by the jury.

The indictment reads as follows:

"Indictment For Larceny By Trick R. C. 2907.21
"The State of Ohio, Richland County, ss.
                                       "Court of Common Pleas
"Of the term of May in the Year of our Lord one thousand nine hundred and sixty.

"The jurors of the Grand Jury of the state of Ohio, within and for the body of the county, aforesaid, on their oaths, in the name and by the authority of the state of Ohio, do find and present that Henry J. Miel, Jr., on or about the 23rd day of December, 1959, at the County of Richland aforesaid unlawfully did obtain the possession of a household furnace situated at 74 South Foster Street, Mansfield, Ohio, the property of Ida B. Grumling, of the value of $200.00 with the consent of the said Ida B. Grumling, by inducing said consent with the false and fraudulent representation that said furnace had a crack in the fire pot and that said crack could not be repaired and as a result thereof the furnace was making gas fumes and was highly dangerous to have in the house and that the said Ida B. Grumling would be asphyxiated unless a new furnace was immediately installed; he, the said Henry J. Miel, Jr., then and there well

knowing the said representation to be false, with the intent then and there the aforesaid property to steal, take and carry away contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio.

"Theodore Lutz
"Prosecuting Attorney
"F. F. Smith,
"Foreman of the Grand
"Jury."

After a lengthy presentation of evidence, the court properly instructed the jury as to the elements of the crime of larceny by trick. Many of the errors assigned deal with the weight of the evidence. It is axiomatic, however, that the credibility of the witnesses and the weight to be given to their testimony are peculiarly for the jury. On this basis, and after a careful review of the record, there appears to have been ample evidence to support the conviction of the defendant.

It is true that the defendant was charged in the indictment as a principal offender. The facts are that he, together with other employees of Holland Furnace Company, took part in various stages of the removal of the furnace and disposition of same at a junk yard; but it was the defendant, Henry Miel, Jr., who the jury might well have found made the false or fraudulent representation to induce and which led Ida B. Grumling to deliver and surrender possession of the furnace to the defendant who had fellow employees of Holland Furnace Company remove the furnace and sell it at the junk yard, the defendant well knowing, because of his own acts, of the entire scheme and plan. Considering that those engaged in a common enterprise are each responsible for the acts of one another in pursuance of the common enterprise, and that under Section 1.17, Revised Code, aiders and abettors are criminally liable and may be charged as principals, it seems immaterial that, following a false and fraudulent representation by the defendant, intended to induce, and which did induce, Ida B. Grumling to deliver and surrender possession of the furnace, the furnace was in fact removed and received by a fellow employee in pursuance of a common enterprise, rather than by the defendant in person.

This does, however, give rise to the question as to whether

there was prejudicial error in the court's instruction concerning aiders and abettors. The court instructed the jury that:

"Under the statutes of this state, anyone who aids, abets, helps, assists or who joins another in the commission of an offense, may be prosecuted and punished as if he were the principal offender."

Section 1.17, Revised Code, provides:

"Any person who aids, abets, or procures another to commit an offense may be prosecuted and punished as if he were the principal offender."

Under Section 1.17, aiders and abettors in the commission of any offense may be charged as principals, and those engaged in a common enterprise are each responsible for the acts of the others in pursuance of the common enterprise. See *State* v. *Ullner*, 105 Ohio App., 546.

Defendant seems to take the position that, even if he did make the false representation by which he induced Ida B. Grumling, in reliance thereon, to relinquish the furnace, he cannot be held criminally responsible if he did not also personally remove and take possession of the furnace, instead of having one of his fellow employees do so. Actually it appears to become immaterial as to whether defendant was in fact a principal being prosecuted as such, or an aider and abettor being prosecuted as a principal, if for a common purpose of obtaining the old furnace each of the necessary elements of larceny by trick were found by the jury to have been committed by the defendant, either personally or while being aided and abetted by another, or by another, while being aided and abetted by the defendant, the defendant having knowledge of his own acts by which the larceny by trick was made possible.

The words, aid, abet and procure, are such as to be ordinarily understood. The trial court was not requested to give any further explanation of the instruction as to aiders and abettors. We feel that the defendant may have been entitled to have the court, upon request, give further explanation of the instruction as given, but the instruction as given was not an erroneous statement of the law and, in and of itself, would not necessarily be prejudicial to the defendant, whether he were being prosecuted because he was a principal or as a principal because

he was an aider and abettor; and, without such request for clarification, we do not find any error prejudicial to the defendant. See *State* v. *Glaros*, 170 Ohio St., 471, and *Patterson* v. *State*, 96 Ohio St., 90.

Another error assigned is that the verdict was contrary to law. Three forms of verdict were submitted to the jury. Each designated the offense to be larceny by trick and read as follows:

"We, the jury in this case, find the defendant, Henry J. Miel, Jr., not guilty of the offense as charged in the indictment."

"We, the jury in this case, find the defendant, Henry J. Miel, Jr., guilty of the offense as charged in the indictment, and fixes the thing of value so taken at less than sixty ($60.00) dollars."

"We, the jury in this case, find the defendant, Henry J. Miel, Jr., guilty of the offense as charged in the indictment, and fixes the value of the thing so obtained in excess of sixty ($60.00) dollars or more."

This latter verdict was signed by the foreman and returned.

Before final argument, an instruction, requested by the defendant, was given to the jury, which provided in part as follows:

"If you should find beyond a reasonable doubt that the defendant is guilty as charged in the indictment and that the value of the chattels as alleged in the indictment is of greater value than $60.00 then you will be warranted in using that form of verdict. If you find that the defendant is guilty beyond a reasonable doubt as charged in the indictment, and that the value of the chattels alleged in said indictment is less than sixty ($60.00) dollars, then you will be warranted in finding the defendant guilty and may use that form of verdict."

The defendant now contends that the forms of verdict, to which he acquiesced by his own requested instructions to the jury, were prejudicially erroneous in that they did not require the jury to fix value in the manner required by Section 2945.75, Revised Code, which provides:

"When an indictment or information charges an offense against property by larceny, receiving stolen property, embezzlement, wrongful conversion of property, or obtaining property by false pretenses, if the value thereof determines the degree of the offense or the punishment, the jury on conviction shall ascertain and declare in their verdict the value of such property."

While this section does not specify larceny by trick as one of the specific offenses covered by the statute, we find that the provisions therein contained apply not only to larceny, as defined in Section 2907.20, Revised Code, but to all other prosecutions for larceny, including larceny by trick, where the grade of the offense depends upon the value of the property involved.

The obvious purpose of the statute is to have the jury determine the value so the court can know the degree of the offense, or punishment, depending upon whether the value fixed is sixty dollars or more, or is less than sixty dollars.

In the instant case while the jury did not, and was not asked to, specify the exact dollar figure which it found to be the value of the thing so obtained, the jury did specifically find the value of the thing so obtained to be in excess of sixty ($60.00) dollars or more, thereby ascertaining and declaring the value in their verdict so as to advise the defendant and the court as to the degree of the offense found.

The defendant could have asked to have the jury make a more specific finding but instead of doing so acquiesced in the forms of verdict submitted and in the form of verdict returned. In the absence of a request by the defendant for a more specific finding, we find the verdict as returned to be in compliance with the ·statute so as not to constitute error prejudicial to the defendant. See *State* v. *Glaros, supra* (170 Ohio St., 471).

We have reviewed each of the nine errors assigned by the defendant, and, after reviewing the entire record, we find no error which was prejudicial to the defendant.

It is our opinion that the defendant had a fair trial. The jury weighed the credibility of the testimony of the witnesses. The judgment is affirmed.

*Judgment affirmed.*

McLaughlin, P. J., and McClintock, J., concur.