THE STATE OF OHIO, APPELLEE, *v.* TURPIN, APPELLANT.

(No. 3221—Decided July 29, 1969.)

*Mr. David D. Dowd, Jr.,* for appellee.
*Miss Violet J. Tarcai,* for appellant.

MCLAUGHLIN, J. (Retired. Assigned to active duty under authority of Section 6(C), Article IV, Constitution.) This appeal on questions of law is from an order of the Common Pleas Court dismissing a petition for postconviction relief on the sole ground that the petitioner, having served his full time, is no longer under sentence.

The petitioner was indicted on three counts for (1)

inducing illicit intercourse, (2) permitting it upon the premises, and (3) harboring.

He was tried by a jury and found guilty on each count. He was sentenced to a total of ten years. His conviction and sentence was affirmed by this Court of Appeals and by the Supreme Court of Ohio.

He entered the Ohio Penitentiary on November 2, 1956. He served his full ten-year sentence and was discharged on November 1, 1966.

This case has a long history, beginning soon after he was imprisoned and lasting for about ten years. He was denied release by habeas corpus in state courts at all levels, including the Common Pleas Courts of Franklin and Stark Counties and the Courts of Appeals for those counties. He was denied release by habeas corpus by the Supreme Court of Ohio on two occasions, once on appeal and once on an original action. This case has a similar history of unsuccessful attempts to obtain his release on habeas corpus in the federal courts at all levels. Twice he was denied certiorari by the Supreme Court of the United States.

He applied to the Ohio Pardon and Parole Commission for a recommendation of an unconditional pardon, which was denied.

His chief claim in all his habeas corpus efforts was that his indictment was insufficient, invalid and void *ab initio*, in that it did not charge an offense under Ohio law. It is his contention that the state and federal courts denied him release by habeas corpus without ruling on the question whether his indictment charged any crime.

After all his vain efforts to secure his release in habeas corpus, and in his appeals directly related thereto, this appellant was quick to grasp as a last straw the new Postconviction Determination of Constitutional Rights Act, Sections 2953.21 to 2953.24, inclusive, Revised Code, effective July 21, 1965.

On September 14, 1965, some 55 days after the Act became effective, he filed the petition, here on review, for postconviction relief. The sentencing Court of Common

Pleas ignored his petition and overruled his motion to resolve the pending issue of the sufficiency or validity of his indictment.

This Court of Appeals refused a writ of mandamus to have the Common Pleas Court decide that issue. He was successful on appeal therefrom and obtained such a writ from the Supreme Court of Ohio. See *State, ex rel. Turpin,* v. *Court of Common Pleas,* 8 Ohio St. 2d 1, decided October 5, 1966. This was less than 30 days before his final discharge from prison on November 2, 1966.

The Common Pleas Court did not act upon this mandate until September 18, 1967, at which time it made the following entry:

"* * * The court being fully advised in the premises finds that the above named defendant is not presently under sentence and therefore would not be entitled to the relief afforded by the Ohio Revised Code 2953.21 *et seq.*"

Two important substantive amendments have changed the law.

First, Section 2953.21, Revised Code, was amended, effective December 9, 1967. The section originally provided:

"A prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a verified petition at any time in the court which imposed sentence, stating the grounds relied upon, and asking the court to vacate or set aside the sentence."

The section as amended now reads, in pertinent part:

"(A) Any person convicted of a criminal offense * * * for relief * * * judgment or sentence or to grant other appropriate relief. * * *"

Under such amendment, this petitioner need no longer be under sentence to be entitled to relief, and the relief afforded is not limited to custodial relief or the setting aside of the sentence.

We hold that this petitioner is, therefore, entitled under the petition filed to claim that his indictment is void *ab initio.*

Second, under an amendment of the Ohio Constitution, effective May 7, 1968, see *Euclid* v. *Heaton,* 15 Ohio St. 2d 65, the Court of Appeals now has "original jurisdiction" "In any cause on review as may be necessary to its complete determination." See Section 3 (B) (1) (f), Article IV.

We hold that, by reason of the long habeas corpus history, this cause here on review is such that it is necessary to its complete determination for us to exercise the jurisdiction and determine whether the indictment was valid or invalid, or sufficient or insufficient, to charge an offense under Ohio law. Therefore, in the interest of finality and a complete determination, we do consider that issue.

The indictment reads, in pertinent part, as follows:

"FIRST COUNT

"That WILLIAM FOY TURPIN, alias BILL TURPIN, alias TURP, late of said County on or about the 14th day of May in the year of our Lord one thousand nine hundred and fifty-five, at the County of Stark, aforesaid, *induced and procured* one Vivian Lucas, *a female person under eighteen years of age, to wit: sixteen years of age, to have sexual intercourse with a person other than himself,*

"SECOND COUNT

"And the jurors aforesaid, by their authority aforesaid, upon their oaths aforesaid, further find and present that William Foy Turpin, alias Bill Turpin, alias Turp, on or about the 14th day of May, in the year of our Lord one thousand nine hundred and fifty-five, at the County of Stark, aforesaid, did *induce and procure* one *Vivian Lucas, a female person under the age of eighteen years, to wit: sixteen years of age, to enter a house of assignation and ill-fame for the purpose of prostitution.*

"THIRD COUNT

"And the jurors aforesaid, by their authority aforesaid, upon their oaths aforesaid, further find and present

that William Foy Turpin, alias Bill Turpin, alias Turp, on or about the 14th day of May, in the year of our Lord one thousand nine hundred and fifty-five, at the County of Stark, aforesaid, *did harbor in a house of ill-fame for the purpose of prostitution therein, a female person, one Vivian Lucas, under eighteen years of age, to wit: sixteen years of age,* contrary to the statute in such cause made and provided, and against the peace and dignity of the State of Ohio.'' (Emphasis added.)

The indictment shows upon its face that it was laid under Section 2905.10, Revised Code, which provides as follows:

''No person shall *induce,* decoy, *or procure a female person under eighteen years of age to have sexual intercourse with a person other than himself, or to enter a house of assignation or a house of ill fame for the purpose* of seduction or *prostitution,* or knowingly permit another to have illicit intercourse with a female person of good repute for chastity upon premises owned or controlled by him, and *no keeper of a house of assignation or house of ill fame, shall detain or harbor therein a female person under eighteen years of age.*

''Whoever violates this section shall be imprisoned not less than one nor more than five years.'' (Emphasis added.)

We have emphasized certain wording of the indictment and of this statute to demonstrate that the language is practically identical.

It is fundamental that an indictment is sufficient if it contains the words of the statute defining the offense. See *State* v. *Ullner,* 105 Ohio App. 546; *State* v. *Yudick,* 155 Ohio St. 269; and *State* v. *Lisbon Sales Book Co.,* 176 Ohio St. 482.

Section 2941.05, Revised Code, provides:

''In an indictment or information charging an offense, each count shall contain, and is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may

be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, *or in any words sufficient to give the accused notice of the offense of which he is charged.*" (Emphasis ours.)

And Section 2941.08, Revised Code, reads in part: "An indictment is not made invalid * * *:

"* * *

"(I) For surplusage or repugnant allegations when there is sufficient matter alleged to indicate the crime and person charged;

"* * *

"(K) For other defects or imperfections which do not tend to prejudice the substantial rights of the defendant upon the merits."

The defendant here contends that the indictment is defective and made invalid by the inclusion of General Code Sections 1355-8-9-71-5-81. These sections were repealed and have been obsolete since 1929. Their inclusion was mere surplus. They were replaced by later sections of the General Code and by Section 2905.10, Revised Code, *supra.* We hold that their inclusion neither added to nor detracted anything from the indictment.

Other defects and imperfections claimed by the petitioner are that the sentence failed to describe the offense; that the indictment must be in the form suggested in Schneider's Criminal Code; and that words such as "unlawful" or "unlawfully" or "knowingly" or "well knowing" are lacking.

We hold that such claims are not well taken. They do not tend in any way to prejudice the defendant's constitutional or statutory rights, and there is sufficient matter alleged in the indictment to indicate the crime and person charged. Such claims are so technical, picayune, frivolous and petty as to deserve no further attention or analysis.

The indictment under which this petitioner defendant

was charged, tried, convicted and sentenced was valid and sufficient, as shown by the files and records of this case.

*Judgment accordingly.*

VAN NOSTRAN, P. J., concurs.

RUTHERFORD, J., concurring in the syllabus and in the judgment denying postconviction relief.

I concur in the reversal of the judgment of the Common Pleas Court insofar as the denial of postconviction relief was solely on the ground that the defendant, having served his sentence, was not presently under sentence and, therefore, would not be entitled to the relief afforded by Section 2953.21 *et seq.*, Revised Code.

In its application to the particular counts contained in the indictment in this case, Section 2905.10, Revised Code, is silent on the question of guilty knowledge, the only reference to knowledge contained in the statute being with reference to a person knowingly permitting another to have illicit intercourse with a female person of good repute for chastity upon premises owned or controlled by him, which was not the portion of the statute upon which the counts contained in the indictment were based.

Where a criminal statute is silent on the question of knowledge or intent and judicial interpretation has not made such knowledge or intent a necessary element, it is not necessary that the indictment allege *scienter* (knowledge) or *mens rea* (guilty purpose). See Section 2941.05, Revised Code; *State* v. *Hoffman*, 131 Ohio St. 27; and *State* v. *Lisbon Sales Book Co.*, 176 Ohio St. 482. This does not mean, however, that if a statute specifically makes proof of knowledge or intent a necessary element of the crime or where by judicial interpretation such knowledge or intent is made a necessary element, an allegation of such would not be a necessary element of the indictment. See *State* v. *Ross*, 12 Ohio St. 2d 37.

I concur in the finding that the indictments in this case were sufficient; however, in my opinion, the questions raised are such as need not have been decided in making disposition of the petition for postconviction relief in this case. All such questions were such as could be, and had been, decided on direct appeal, which judgments became *res judicata* of the issues sought to be raised. Postconviction relief should be denied for this reason. See *State* v. *Perry,* 10 Ohio St. 2d 175, 183, the concluding sentence of which opinion reads:

"Our statutes do not contemplate relitigation of those claims in postconviction proceedings where there are no allegations to show that they could not have been fully adjudicated by the judgment of conviction and an appeal therefrom."

I would modify the judgment appealed from and enter final judgment denying postconviction relief for the reason that the issues sought to be raised have already been fully litigated by the petitioner while represented by counsel, on direct appeal from judgment and sentence, and thus have been adjudicated against him, such judgments of conviction and on appeal being *res judicata* of issues which petitioner seeks to present.

For the reasons set forth, I concur in the judgment denying postconviction relief under Section 2953.21 *et seq.,* Revised Code.