THE STATE OF OHIO, APPELLEE, *v.* HANN, APPELLANT.

[Cite as State v. Hann (1977), 55 Ohio App. 2d 267.]

268

(No. 8270—Decided February 23, 1977.)

*Mr. Stephan M. Gabalac,* prosecuting attorney, and *Mr. Frederick L. Zuch,* for appellee.
*Mr. Chris T. Nolan,* for appellant.

VICTOR, P. J. Defendant-appellant, Michael Hann, appeals from his conviction of aggravated vehicular homicide (R. C. 2903.06).

The issues raised by this appeal are whether a passenger in an automobile can participate in the operation of a motor vehicle and thereby recklessly cause the death of another and whether that passenger may be guilty of the crime of aggravated vehicular homicide as an aider and abettor of the actual driver.

Defendant, accompanied by one Mark Waugh, leased a car from a Cleveland rental agency in late June 1975. Mark Waugh was a minor at that time and did not possess a driver's license.

On July 1, 1975, Waugh and defendant attempted to cash a stolen, forged check at the drive-in window of the Akron National Bank, Brittain Road branch. Waugh had filled in part of the check and defendant had filled in part. Both knew the check was one of several stolen from Waugh's father and they viewed the cashing of the check as a common enterprise. Mark Waugh was driving the car. With defendant's assistance, Waugh had procured a temporary license that morning in Cleveland. The teller recognized the checks as stolen and immediately notified the branch manager. Upon being approached by the manager and a policeman, Waugh and defendant fled from the bank. The

officer and manager narrowly avoided being struck by the vehicle as it pulled away. The license number and description of the car were reported to area law enforcement agencies.

Forty minutes after the incident at the bank, a Peninsula patrolman observed the car and proceeded to follow it. Upon observing the police coming after them, Waugh and defendant attempted to speed away in the car. Waugh was still driving. A chase reaching speeds of eighty miles per hour ensued. During this chase, defendant tore up several stolen checks and threw pieces out the window.

The chase ended at the intersection of Stein Road and Route 303 where Waugh failed to obey a posted stop sign and drove the leased automobile into the side of a car already in the intersection. The impact killed the other driver.

Defendant hid in a nearby field but was immediately discovered. After a trial without a jury, defendant was found guilty of aggravated vehicular homicide, both as a principal and as an aider and abettor. His appeal sets forth three assignments of error.

### Assignment of Error I

"The trial court erred in holding that O. R. C. Section 2903.06 can be violated without an alleged offender having 'participated' in the operation of a motor vehicle."

Defendant argues here that he was not participating in the operation of a motor vehicle. We affirm the trial court's finding that he was so participating and, therefore, overrule this assignment of error.

Although "participation" may imply "affirmative action of some sort, as distinguished from mere silence and inaction," *Mason* v. *Moore* (1906), 73 Ohio St. 275, 291, this participation need not be manifested by a direct physical contribution. *First National Bank of Chattanooga* v. *Phoenix Mut. Life Ins. Co.* (E. D. Tenn. 1931), 57 F. 2d 731.

Defendant had a strong, common interest with Waugh in the operation of the vehicle and this interest was not remote or passive. *Traveler's Protective Assn.* v. *Prinsen* (1934), 291 U. S. 576. Defendant had a part in and shared

in the benefits obtained from the operation of the vehicle. *Wharton* v. *Fidelity-Baltimore National Bank* (1960), 222 Md. 177, 158 A. 2d 887. Defendant procured the vehicle and attempted to dispose of incriminating evidence during the final chase. He was more than just a passive, quiescent, disinterested passenger. The trial court could reasonably find either from the direct evidence or from proper inference that defendant participated in the operation of the vehicle.

### Assignment of Error II

"Even if an alleged offender of O. R. C. Section 2903.-06 'participating' (*sic*) in the operation of a motor vehicle, the Trial Court erred in holding that one can be guilty of Aggravated Vehicular Homicide without any recklessness exhibited by a Defendant as required by O. R. C. Section 2903.06."

Mark Waugh had just obtained a temporary license. He had, just before the fatal crash, already endangered two lives through his use of the motor vehicle. The situation was such that an attempted arrest and the risks of flight therefrom should have been expected. Under such circumstances, the trial court could reasonably find that recklessness was exhibited by defendant's reliance on Waugh's driving and by defendant's participation in the operation of the vehicle; *cf. Brewer* v. *State* (1940), 140 Tex. Crim. 9, 143 S. W. 2d 599; *Story* v. *United States* (D. C. Cir., 1926), 16 F. 2d 342, *certiorari denied*, 274 U. S. 739. We, therefore, overrule defendant's second assignment of error.

### Assignment of Error III

"Complicity is not applicable to Aggravated Vehicular Homicide under circumstances such as in the case at bar, since under O. R. C. Section 2923.03(E), Defendant-Appellants' (*sic*) statements provided an affirmative defense and the trial court erred in concluding otherwise."

After participating in a forgery, defendant continued to allow Waugh to operate the vehicle. Defendant knew that pursuit and the attendant risks inherent in high speed flight might follow. He could, therefore, properly be held responsible as an aider and abettor for the acts of his com-

panion in attempting to make good their escape. R. C. 2923.03(A)(2); *cf. State* v. *Ullner* (1957), 105 Ohio App. 546; *People* v. *Kendrick* (1961), 14 Cal. Rptr. 13, 363 P. 2d 13.

Additionally, defendant was aware both of Waugh's youth and of Waugh's temperament when faced with possible arrest. Defendant continued to rely on Waugh's driving during the flight from Akron, despite this awareness of Waugh's driving limitations. The trial court could find such conduct constituted aiding and abetting of Waugh's offense; *cf. Eager* v. *State* (1959), 205 Tenn. 156, 325 S. W. 2d 815.

Defendant contends he terminated any complicity by requesting Waugh to stop. R. C. 2923.03(E). Even assuming he believed such requests were actually made, the trial judge could find that under the circumstances defendant's action did not manifest a complete and voluntary renunciation of the criminal purpose.

For the foregoing reasons, we affirm the trial court's decision that defendant aided and abetted the crime. We, therefore, overrule this final assignment of error.

We find no error prejudicial to the rights of the defendant and affirm the judgment.

*Judgment affirmed.*

COOK, J., concurs.
BELL, J., concurs in the judgment only.

COOK, J., of the Eleventh Appellate District, sitting by designation in the Ninth Appellate District.