**William Ronald WELCH, Petitioner,**

v.

**William J. BROWN, Respondent.**

No. C–3–81–205.

United States District Court, S. D. Ohio, W. D.

May 19, 1982.

---

William Ronald Welch, pro se.

William J. Brown, Atty. Gen., Columbus, Ohio, pro se.

DECISION AND ENTRY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS; TERMINATION ENTRY

RICE, District Judge.

On January 18, 1982, petitioner filed an application for writ of habeas corpus in the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. §§ 2241, 2242, 2243. Therein, petitioner claims that his 1967 state felony convictions in the Montgomery County Court of Common Pleas presently cause him to be:

[R]estrained of personal liberties by the State of Ohio in violation of the "due process" and "equal protection" clauses of the Fourteenth Amendment . . . in that he is being defrauded of his appeal of right to the Ohio Supreme Court and his right . . . of access to the federal courts.

(doc. # 5, at 7). Petitioner also alleges that this Court, upon petitioner's prior application for writ of habeas corpus "failed to 'summarily hear and determine the facts, and dispose of the matter as law and justice requires,' as provided in 28 U.S.C. Section 2243" (id., at 5). By Order, dated April 30, 1982 (doc. # 4), the Sixth Circuit transferred the captioned cause to this Court, pursuant to Rule 22(a), Fed.R.App.P.

The following factual allegations underlie petitioner's claim that he is presently suffering restraint of his personal liberties by the State of Ohio, as a result of his state felony convictions in 1967.

Petitioner alleges that, at the conclusion of his state trial in April, 1967, he fired his trial counsel and retained F. Lee Bailey to perfect his appeal and, if necessary, to carry petitioner's case to the United States Supreme Court. Petitioner further alleges that after Bailey had taken an intermediate appeal, but before seeking further review in the Ohio Supreme Court, petitioner's trial counsel, although purportedly knowing that he was to take no action on petitioner's behalf, filed a notice of appeal in the Ohio Supreme Court, in which he failed to invoke that court's jurisdiction. According to petitioner, his trial counsel's actions denied him an appeal of right in the Ohio Supreme Court which, in turn, left him without recourse to the United States Supreme Court. Finally, petitioner alleges that his trial counsel's actions constitute fraud, which is imputable to the State of Ohio.

This is the third time petitioner has raised the above-quoted claim and the above-summarized allegations in a petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 et seq. Petitioner first raised this claim in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed in this Court on June 20, 1980. See, Welch v. Falke, C–3–80–259.

In a decision and entry, dated October 21, 1980, the Court dismissed the petition on the ground that petitioner, having been released from parole in 1973, was not "in custody," as is required under the federal habeas corpus statutes. Welch v. Falke, 507 F.Supp. 264 (S.D.Ohio 1981). Upon

careful consideration of petitioner's contentions and based upon the applicable authority, the Court concluded:

> [T]he petitioner in the present case does not appear to satisfy the requirement of custody for habeas relief. Ineligibility for record expungement is only a collateral consequence of petitioner's conviction, and the impingement on his personal liberty flowing therefrom which might have been sufficient *to continue jurisdiction* under *Carafas* [*v. La Vallee*, 391 U.S. 234 [88 S.Ct. 1556, 20 L.Ed.2d 554] (1968),] (had petitioner applied while incarcerated or on parole), is not sufficient "custody" upon which *jurisdiction might originally attach* under the requirements of 28 U.S.C. 2241(c)(3), 2254.

*Id.* at 266 (emphasis in the original).

On January 30, 1981, the Court overruled petitioner's motion to reopen the case and reconsider the order of dismissal. *See, id.* at 266–67. The Court did, however, grant petitioner's separate motion for leave to file an amended petition for writ of habeas corpus. *Id.* at 267.

Thereafter, on March 27, 1981, petitioner filed his first petition in the captioned cause "pursuant to 28 U.S.C. § 2241 *et seq.*, particularly 28 U.S.C. § 2243 . . . ." *Welch v. Brown*, C–3–81–205 (doc. # 1). When the matter came on for preliminary consideration, pursuant to 28 U.S.C. § 2254, Rule 4, the Court noted, *inter alia*: that "[t]he identical claim was raised by petitioner in a previous petition . . ." and that "[t]he previous petition was dismissed for [the] reason that petitioner was not in 'custody' as is required by the habeas statutes" (doc. # 2). Finding nothing new or additional in the subsequent petition, bearing on the matter of "custody," the Court deemed the petition "successive" and dismissed same, pursuant to 28 U.S.C. § 2254, Rule 9 (see, doc. # 2, at 2).

The Court has examined the materials submitted by petitioner in this, his third attempt to obtain federal habeas corpus relief, based upon the purported unauthorized and fraudulent actions of his trial counsel, in connection with his state felony convictions in 1967. Based upon this review, and for the reasons set forth briefly below, the Court concludes that no hearing is required because, as a matter of law, this petition, like the two preceding it, must be dismissed.

The present petition, like the one dismissed on May 6, 1981, contains no additional or new allegations from which the Court might now determine that petitioner is in "custody." However, it appears to be petitioner's position that, notwithstanding that impediment, he is nonetheless entitled to a hearing and a determination on the merits of this claim if, instead of considering this petition pursuant to 28 U.S.C. § 2254 and the rules following same, the Court considers it only pursuant to 28 U.S.C. §§ 2241, 2242 and 2243. In particular, petitioner relies upon that portion of § 2243, which provides that "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice requires."

There are several fatal flaws in petitioner's reasoning. First, regardless of petitioner's disclaimer of the applicability of 28 U.S.C. § 2254, the fact remains that his claim for relief is, in essence, an attack upon the judgment of a state court, which falls squarely within the ambit of § 2254.[1] It is the nature of his claim which led the Court to dispose of the previous two petitions pursuant to that § 2254 and the rules following same. It is the nature of his claim, and not the provisions recited in his third petition which determine under which federal habeas corpus statute his claim must be disposed. Therefore, regardless of petitioner's reliance on sections 2241, 2242 and 2243, and his express disavowal of any reliance on section 2254, the fact that he is seeking the requested writ in connection with a state court judgment renders this

---

1. Section 2254(a) provides in pertinent part: [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

petition subject to treatment and disposition pursuant to 28 U.S.C. § 2254 and its rules, including Rule 9, which permits the Court to dismiss a successive petition "if the judge finds that it fails to allege new or different grounds for relief . . . ."

Second, even if the Court considers this petition exclusively under sections 2241, 2242 and 2243, the end result is exactly the same. Section 2241 limits or prescribes the power of federal courts to issue writs of habeas corpus. Section 2241(c)(3) states:

(c) The writ of habeas corpus shall not extend to a prisoner unless—

(3) He is in custody in violation of the Constitution or laws or treaties of the United States[.]

The Court specifically considered the "in custody" question in *Welch v. Falke, supra,* 507 F.Supp. at 266, *concluding that the* "collateral consequence of petitioner's conviction, and the impingement of his personal liberty flowing therefrom . . . is not sufficient 'custody' . . . under the requirements of 28 U.S.C. § 2241(c)(3) . . . ." Petitioner has presented nothing in this or his second petition to alter this conclusion.

Because petitioner is not "in custody", as required under section 2241(c)(3), petitioner is not entitled to a writ of habeas corpus, regardless of whether his petition is considered under section 2254 or under section 2243. Simply stated, his failure to meet the "in custody" requirement is a fatal, jurisdictional defect under section 2241, which deprives this Court of any power to grant the requested writ.

It is this fatal jurisdictional defect, which deprives the Court of its power to grant the relief sought, that caused petitioner's two previous petitions to be dismissed without a hearing. It is this same defect which leads the Court to dismiss this third petition, also without a hearing. The conduct of a hearing on the merits of petitioner's claim, and the underlying allegations thereof, would be a meaningless exercise for all parties concerned. Even assuming that petitioner could prove the truth of each and everyone of his allegations, regarding what occurred during the pendency of his state criminal proceedings, and even assuming that there is some legal support for this theory that the purported unauthorized acts of his trial counsel constitute fraud, which is attributable or imputable to the State of Ohio, petitioner would not, for all that time, energy, expense or effort, be any more entitled to the requested writ than he is at the present time, because this Court would still lack the power to grant the writ. Section 2243 requires a court to dispose of an application for writ of habeas corpus "as law and justice requires." What petitioner has thus far failed to understand, and what this Court hopes he will henceforth fully comprehend, thereby, avoiding the filing of subsequent petitions which will suffer a similar fate, is that because he is not "in custody," for purposes of either section 2241 or section 2254, dismissal of his petition is "required" as a matter of law.

Therefore, based on the foregoing, the Court concludes that, regardless of whether the instant petition is considered pursuant to 28 U.S.C. § 2254, or under sections 2241, 2242 and 2243, it must be dismissed. No hearing or other action on this petition will be forthcoming for the reason that petitioner, who is not "in custody", as required under sections 2241(c)(3) and section 2254, is not entitled to the relief sought *under any circumstances.* Therefore, pursuant to 28 U.S.C. § 2244(b), and 28 U.S.C. § 2254, Rule 9, the present petition is denied, and the captioned cause is, hereby, ordered dismissed.

As a brief post-script to the above determination, the Court merely wishes to note that petitioner may have a means of redress available to him in the state court system, the availability of which would, in and of itself, provide an additional, independent ground for dismissing this petition under 28 U.S.C. § 2254(c) and (d) for failure to exhaust available state remedies. If this Court correctly understands petitioner's claim, he is alleging that the unauthorized act of his trial counsel, in filing a defective notice of appeal in the Ohio Supreme Court, denied him effective assistance of counsel, a right guaranteed by the Sixth Amendment.

If this is his claim, it would appear that the proper course for petitioner to pursue, instead of returning to this or any other federal court on still another habeas petition, is to raise this claim in a motion for post conviction relief pursuant to Ohio Rev. Code § 2953.21. It is well settled that a claim of ineffective assistance of counsel may be raised under this Ohio statutory provision. *See, e.g., Saylor v. Overberg,* 608 F.2d 670 (6th Cir. 1979); *Esherick v. Perini,* 475 F.2d 577, 578 (6th Cir. 1973); *Steed v. Salisbury,* 459 F.2d 475 (6th Cir. 1972); *State v. Hester,* 45 Ohio St.2d 71, 341 N.E.2d 304 (1976). Moreover, although petitioner's not being "in custody" under the sentence which he seeks to attack is an insurmountable barrier to federal habeas relief, it appears to pose no threshold barrier to relief under § 2953.21. *See, State v. Turpin,* 19 Ohio App.2d 116, 250 N.E.2d 94 (1969). This Court ventures no opinion, whatever, on how a state court would rule on the merits of a motion, predicated on the same claim raised by petitioner as urged in support of federal habeas relief. The Court merely wishes to apprise petitioner that the defect which prevents this or any other federal court from issuing a writ of habeas corpus does not appear to pose a problem in connection with what appears to be the only avenue of redress still open to petitioner, *i.e.,* the filing of a petition to vacate or set aside the sentence imposed upon him for his 1967 felony convictions in the appropriate state court.

WHEREFORE, based upon the foregoing, the petitioner's application for writ of habeas corpus is dismissed, without oral hearing.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.