**UNITED STATES of America ex rel. Jack KAMSLER, Petitioner-Appellant,**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent-Appellee.**

**No. 18135.**

United States Court of Appeals, Seventh Circuit.

July 29, 1970.

Rehearing Denied Sept. 23, 1970.

Jack Kamsler, in pro. per.

Thomas A. Foran, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for respondent-appellee.

Before KILEY, FAIRCHILD and PELL, Circuit Judges.

KILEY, Circuit Judge.

Petitioner Kamsler filed this *pro se* habeas corpus petition challenging his conviction, upon his guilty plea, in December, 1966, to a federal indictment for mail fraud. The district court dis-

missed the habeas proceeding without a hearing, and petitioner appealed. We affirm.

In a previous Section 2255 proceeding to vacate the sentence challenged here, the district court, No. 66 C 738, dismissed the proceeding because the petition disclosed that petitioner had been discharged from the federal sentence.[1] This court affirmed, in an order, No. 17031, filed February 25, 1969, finding that the district court dismissal order was "proper," on authority of the concurring opinion of five justices in Heflin v. United States, 358 U.S. 415, 420, 79 S.Ct. 451, 454, 3 L.Ed.2d 407 (1959), which held that a Section 2255 proceeding is "available only to attack a sentence under which a prisoner is in custody."

We hold that habeas corpus relief is not available to petitioner, because prior to filing his petition he had been unconditionally discharged from his federal sentence.

In Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960), the Court decided, on authority of McNally v. Hill, 293 U.S. 131, 136, 55 S.Ct. 24, 79 L.Ed. 238 (1934), that the habeas corpus statute "does not authorize attacks upon future consecutive sentences," that "immediate physical release was the only habeas remedy"; and held that the case was moot because, after his petition was filed and while his appeal from dismissal of his petition was pending, Parker, having served his sentence, was released. Four justices joined in a vigorous dissent from the majority opinion in *Parker,* and a broadening develop-

ment of habeas jurisdiction set in. In Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), the petitioner was denied relief against a future consecutive sentence. On appeal, before argument, the court of appeals decided the case was moot. The Supreme Court granted certiorari and held that the court of appeals erred in dismissing Jones' appeal as moot since the conditions of his parole kept him "in custody" within the meaning of Section 2241. Later, in Peyton v. Rowe, 391 U.S. 54, 67, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), the Court unanimously overruled *McNally,* which underlay *Parker,* and held that a prisoner serving consecutive sentences is "in custody" under any one of them for purposes of the habeas corpus jurisdiction section. Finally, in Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), the Supreme Court overruled Parker v. Ellis, *supra.* The Court held that *"once the federal jurisdiction has attached"* (emphasis added) in the district court, it is not defeated by the release of the prisoner prior to completion of proceedings on his habeas corpus application. 391 U.S. at 238, 88 S.Ct. at 1559.

No Supreme Court decision, however, supports district court jurisdiction of Kamsler's petition. He is not a prisoner, nor a parolee under the federal sentence he attacks, and he is free to go as he chooses so far as federal legal control over him is concerned. When he filed his petition he was unconditionally free and in no sense "in custody" so as to give the district court jurisdiction under 28 U.S.C. § 2241.

Affirmed.

---

1. Petitioner's federal sentence was made concurrent with a State of Illinois sentence he was then serving. He was discharged under his federal sentence in February, 1968, and was paroled under the state sentence in July, 1969. He filed this proceeding in October, 1969.