**William E. HARVEY, Appellant,**

v.

**STATE OF SOUTH DAKOTA, Appellee.**

**No. 75–1479.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1975.

Decided Dec. 11, 1975.

Rehearing Denied Jan. 7, 1976.

William E. Harvey, filed brief and reply brief for appellant, pro se.

William J. Janklow, Atty. Gen., and Peter H. Lieberman, Asst. Atty. Gen., Pierre, S. D., filed brief for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

William E. Harvey appeals from dismissal of his petition for a writ of habeas corpus. We affirm for the reason that the federal courts do not have jurisdiction in this case.

Harvey was convicted of grand larceny in the South Dakota courts in 1968 and sentenced to three years' imprisonment. He was unconditionally released no later than March 20, 1971.[1] The conviction was affirmed on direct appeal in *State v. Harvey,* 84 S.D. 70, 167 N.W.2d 161 (1969). Plaintiff unsuccessfully sought state post-conviction relief beginning in 1969. This federal action was not filed until August, 1974, at least three years after he had completed serving his sentence.

■ The writ of habeas corpus is only available to one who is in custody. 28 U.S.C. § 2241(c). This requirement of custody has been equated with significant restraint on liberty, such as parole, *Jones v. Cunningham,* 371 U.S. 236, 243, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), or release on the individual's own recognizance, *Hensley v. Municipal Court,* 411 U.S. 345, 349, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). Harvey contends that the disabilities which arise from a conviction constitute custody within the meaning of the federal habeas corpus statutes. He points out that he is unable to pursue certain professions under South Dakota law or to possess a firearm, and that he occupies the status of a recidivist if he commits another crime.

In *Carafas v. LaVallee,* 391 U.S. 234, 237, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) the Court held that because of the "collateral consequences" of a conviction, the case of a habeas corpus petitioner who had been released from custody did not become moot. However, Carafas had filed his habeas corpus petition while he was still incarcerated. The Court was careful to point out that jurisdiction had attached when the petition was filed, while the petitioner was "in custody." *Carafas v. LaVallee, id.,* 391 U.S. at 238, 88 S.Ct. 1556. The collateral consequences of conviction only kept the case from becoming moot; they did not suffice to give the federal courts jurisdiction.

■ To hold that Harvey is "in custody" because of his conviction would render Congress' words meaningless. The restraints on Harvey's liberty are "neither severe nor immediate." *Hensley v. Municipal Court, supra,* 411 U.S. at 351, 93 S.Ct. 1571. He is not in custody within the meaning of the statute and the writ of habeas corpus is therefore not available.

■ Petitioner also contends that his failure to file his petition while he was in custody is due to state delay in processing his attempts to obtain post-conviction relief and therefore it should not be fatal to his cause. It would appear that much of the delay in petitioner's case in state court was attributable to his own inaction. But even if this were not so, we are powerless to grant the federal courts subject matter jurisdiction; only Congress or the Constitution may do so. *Kline v. Burke Construction Co.,* 260 U.S. 226, 233–234, 43 S.Ct. 79, 67 L.Ed. 226 (1922).

Accordingly, the judgment of the district court dismissing the petition for a writ of habeas corpus is affirmed.

---

1. According to Harvey his sentence was completed December 24, 1970. It is not clear whether this was the end of his incarceration or the time when incarceration and parole, if any, terminated. In state post-conviction proceedings Judge Bottum found that Harvey's sentence was "concluded" March 20, 1971.