MANSFIELD, Circuit Judge
(concurring):
I concur unreservedly in Judge Moore’s opinion insofar as it affirms the dismissal of Count One of the complaint, which seeks an order compelling the Judge Advocate General to exercise his power under Title 10 U.S.C. § 869 to reprocess Curci’s application for review of his original court-martial conviction and to give it more careful and thorough consideration. Title 28 U.S.C. § 1361 grants jurisdiction to federal courts to compel military officials to perform duties owed to servicemen. Lovallo v. Froehlke, 468 F.2d 340 (2d Cir. 1972), cert. denied, 411 U.S. 918, 93 S.Ct. 1555, 36 L.Ed.2d 310 (1973); Williams v. Froehlke, 490 F.2d 998, 1000 & n. 2 (2d Cir. 1974); United States ex rel. Schonbrun v. Commanding Officer, 403 F.2d 371 (2d Cir. 1968), cert. denied, 394 U.S. 929, 89 S.Ct. 1195, 22 L.Ed.2d 460 (1969). However, the record here demonstrates that adequate consideration was given to the application and that the Judge Advocate General’s decision was supported by substantial evidence.
With respect to the majority’s affirmance of the district court’s dismissal of Count Two, although I do not disagree with its discussion of the merits, I believe that, with the exception noted below, the claims should have been dismissed for lack of subject matter jurisdiction without getting to the merits. Except on grounds not present here, a court-martial conviction generally is not subject to collateral attack, Schlesinger v. Councilman, 420 U.S. 738, 746-53, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975), see Week-stem, Federal Court Review of Courts-Martial Proceedings: A Delicate Balance of Individual Rights and Military Responsibilities, 54 Mil.L.Rev. 1 (1971). Moreover, appellant is barred from invoking federal jurisdiction on the basis of the habeas corpus statute, Title 28 U.S.C. § 2241, for the reason that he was not “in custody” within the meaning of this provision when he commenced the present suit. United States ex rel. Myers v. Smith, 444 F.2d 75 (2d Cir. 1971); Wright v. Bailey, 544 F.2d 737, 739 & n. 2 (4th Cir. 1976), cert. denied, 434 U.S. 825, 98 S.Ct. 72, 54 L.Ed.2d 82 (1977); Westberry v. Keith, 434 F.2d 623 (5th Cir. 1970); United States ex rel. Kamsler v. Attorney General, 430 F.2d 635 (7th Cir. 1970), cert. denied, 400 U.S. 1014, 91 S.Ct. 575, 27 L.Ed.2d 627 (1971); Harvey v. State of South Dakota, 526 F.2d 840 (8th Cir. 1975), cert. denied, 426 U.S. 911, 96 S.Ct. 2236, 48 L.Ed.2d 837 (1976). Title 28 U.S.C. § 1346, which is limited to claims of less than $10,-000, does not provide a jurisdictional basis for granting the equitable relief demanded by Curci, Robertson v. Morris, 409 U.S. 464, 465, 93 S.Ct. 629, 34 L.Ed.2d 647 (1973). Title 28 U.S.C. § 1361, which is limited to a grant of power to compel a federal officer or employee to perform a duty owed to a plaintiff, does not empower a federal court collaterally to review a court-martial conviction on the merits, as distinguished from correcting military records, or the like, compare Ashe v. McNamara, 355 F.2d 277 (1st Cir. 1965), with Davies v. Clifford, 393 F.2d 496 (1st Cir. 1968). Title 5 U.S.C. §§ 701, et seq., does not constitute a grant of subject matter jurisdiction. Califano v. Sanders, 430 U.S. 99, 104-05, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).
There remains Curci’s claim in Count Two to the effect that he was erroneously inducted into the armed services, rendering his induction void, since he should have been classified (presumably by his draft *821 board) IV — F (exempt for medical reasons) because of his physical condition. Whether or not a void enlistment would be a sufficient basis for collaterally attacking the court-martial conviction in this case, the cases on which Curci relies, United States v. Russo, 50 C.M.R. 650, 23 U.S.C.M.R. 511 (1975); United States v. Burden, 50 C.M.R. 649, 23 U.S.C.M.A. 510 (1975), require that the officials responsible for the induction know of the defect that should have resulted in the inductee’s rejection. Accordingly, Curci’s allegation is too conclusory to satisfy the requirements of Rule 8(a)(2), F.R. Civ.P., and must be dismissed for failure to state a claim entitling Curci to relief.
Thus, I reach the same result as my brothers, albeit by a slightly different route.