**William Ronald WELCH, Petitioner,**

v.

**Lee C. FALKE, Montgomery County Prosecuting Attorney, Respondent.**

No. C-3-80-259.

United States District Court, S. D. Ohio, W. D.

Oct. 21, 1980.

On Request to Reopen and Reconsider Jan. 30, 1981.

William Ronald Welch, pro se.

Andrew J. Niekamp, Asst. Pros. Atty., Dayton, Ohio, William J. Brown, Atty. Gen. of the State of Ohio, Columbus, Ohio, for respondent.

DECISION AND ENTRY OVERRULING AND DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

RICE, District Judge.

Petitioner in the captioned cause has applied for habeas corpus relief pursuant to 28 U.S.C. § 2254. At the time of application, petitioner was not in physical custody (at least under sentence imposed pursuant to the judgment attacked), having been paroled in 1972 and released from parole in 1973.

The question presented is whether a habeas corpus remedy is available to petitioner in the absence of actual physical confinement. Petitioner contends that he is "effectively confined" because his conviction renders him ineligible for record expungement.

The nature of the habeas writ, from the time of its common law origin, was to provide a remedy for unlawful *imprisonment.* *Fay v. Noia,* 372 U.S. 391, 402, 83 S.Ct. 822, 829, 9 L.Ed.2d 837 (1963); *Preiser v. Rodriquez,* 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed.2d 439 (1973). Thus, the statutes governing federal habeas corpus, and the rules enacted thereunder, are consistently drafted to require that the petitioner seeking habeas relief be a "person *in custody.*" *See, e. g.,* 28 U.S.C. § 2241(c)(3) (general applicability of writ); 28 U.S.C. § 2254(a)–(b), (d) (applicability to state custody); Section 2254, Rule 1(a)(1)–(2) (scope of rules); Section 2254, Rule 2(a)–(b) (petitions concerning present or future custody).

Although the "custody" requirement for habeas corpus was originally construed to mean "actual confinement or the present means of enforcing it," *Wales v. Whitney,* 114 U.S. 564, 572, 5 S.Ct. 1050, 1053, 29 L.Ed. 277 (1885), modern cases have taken a more liberal approach to the degree of restraint on personal liberty that is necessary. Thus, in *Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), a state prisoner placed on "conditional" parole (requiring, inter alia, monthly report to parole officer, permission to leave community, per-

mission to own or operate motor vehicle, and specified residence with relatives) was held to be in "custody" within the meaning of 28 U.S.C. § 2241(c). In acknowledging that "English courts have long recognized the writ as a proper remedy even though the restraint is something less than close physical confinement," *id.* at 238, 83 S.Ct. at 374, the Court stated:

History, usage, and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a man's liberty, *restraints not shared by the public generally,* which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus.

*Id.* at 240, 83 S.Ct. at 375 (emphasis added)

Subsequently, in *Hensley v. Municipal Court,* 411 U.S. 345, 351, 93 S.Ct. 1571, 1574, 36 L.Ed.2d 294 (1973), the Court explicitly relied on the emphasized language in the above excerpt from *Jones* in holding that a defendant released on his own recognizance, subject to appearance at the pleasure of a magistrate, is in "custody" under the federal habeas statutes because "[h]e cannot come and go as he pleases."

Despite the breadth of these constructions of the custody requirement for habeas relief, the possibility that the requirement might be satisfied *after the petitioner has served the sentence which he attacks* (which appears to be the question in the present case) is not settled. The theory generally offered, which petitioner herein also asserts, is that the "collateral consequences" of the sentence infringe on the petitioner's personal liberty (such as by precluding his choice of occupations) even though the sentence itself no longer restrains him. The only Supreme Court decision on point (albeit remotely) is *Carafas v. La Vallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). In *Carafas,* the petitioner sought habeas relief while in physical custody. Before the petition was finally adjudicated, petitioner's sentence expired and he was discharged from intervening parole. Despite the termination of sentence, the Court proceeded to determine the merits of the petition "be-

cause... the 'disabilities or burdens [which] may flow from 'petitioner's conviction ...' survive [ ] the satisfaction of the sentence imposed on him." *Id.* at 237, 88 S.Ct. at 1559, *quoting Fiswick v. United States*, 329 U.S. 211, 222, 67 S.Ct. 224, 230, 91 L.Ed. 196 (1946). However, the *Carafas* Court appeared to make it clear that it was only addressing the issues of *mootness* which arose when the direct consequences of conviction, which the writ is designed to relieve, terminated. Thus, the Court emphasized that the petition was filed and jurisdiction had attached while the petitioner was under sentence.

Nonetheless, in *Glover v. North Carolina*, 301 F.Supp. 364 (E.D.N.C.1969), the court discounted the *Carafas* concern over the pre-release timing of the petition. Instead, *Glover* noted *Carafas'* emphasis on the collateral consequences of conviction, viewed them as restraints on liberty tantamount to "custody," and held that the writ might issue (if meritorious) where the petitioner had filed for same after he had completed serving his sentence. Relying on the *Jones* standard, the *Glover* court stated that the petitioner "will not have the right to do many things that free men are entitled to do" simply because of the fact of conviction even though it had been satisfied. 301 F.Supp. at 367. *Glover* was not appealed and has not been followed in any reported decision.

On the other hand, in *Harvey v. South Dakota*, 526 F.2d 840 (8th Cir. 1976), *cert. denied*, 426 U.S. 911, 96 S.Ct. 2236, 48 L.Ed.2d 837 the court interpreted *Carafas* as suggesting, by negative implication, that the "custody" requirement is not satisfied (and jurisdiction over the petition will, therefore, not attach) simply by virtue of the "collateral consequences" of conviction, where the sentence is concluded prior to the time that the petition is filed. Moreover, the *Harvey* court indicated that the satisfaction of the "custody" requirement by collateral restraints on liberty ignores the essential purpose of the habeas remedy: "To hold that Harvey is 'in custody' because of his conviction would render Congress' words meaningless." *Id.* at 841. The deni-

al of certiorari in the Supreme Court was without dissent.

This Court considers *Harvey* as reflecting the better approach to the question presented. Although *Glover* is a more thorough decision, it appears to misunderstand *Carafas* and the issue therein.

Under *Harvey*, the petitioner in the present case does not appear to satisfy the requirement of custody for habeas relief. Ineligibility for record expungement is only a collateral consequence of petitioner's conviction, and the impingement on his personal liberty flowing therefrom which might have been sufficient *to continue jurisdiction* under *Carafas* (had petitioner applied while incarcerated or on parole), is not sufficient "custody" upon which *jurisdiction might originally attach* under the requirements of 28 U.S.C. §§ 2241(c)(3), 2254.

WHEREFORE, based upon the aforesaid, this Court denies and dismisses the petitioner's petition for a writ of habeas corpus and, in so ruling, declines to issue a show cause order or to enter any further proceedings in this case.

## ON REQUEST TO REOPEN AND RECONSIDER

The captioned cause came to be submitted upon petitioner's motion seeking an Order of the Court "reopening" the case and reconsidering this Court's Decision and Entry of October 21, 1980.

This is a petition for writ of habeas corpus. By its prior Decision, the Court terminated proceedings herein for reason that the petitioner was not "in custody" and, therefore, would not under any circumstances be entitled to the writ. 28 U.S.C. § 2254; *Harvey v. South Dakota*, 526 F.2d 840 (8th Cir. 1976), *cert. denied*, 426 U.S. 911, 96 S.Ct. 2236, 48 L.Ed.2d 837.

Petitioner says that the Court erred in that Decision, because the writ may issue "even where 'physical custody' is not in issue." However, the Court did make it clear that the absence of "close physical confinement" in Petitioner's case is not the

reason why the writ could not issue. Rather, it is the absence of any restraint or infringement on petitioner's personal liberty, except such as may be a "collateral consequence" of the conviction he seeks to attack, that prevents him from being entitled to the writ.

The authorities cited by petitioner are consistent with this Court's Decision. In each case, the person seeking habeas corpus was "in custody," within the meaning this Court understands that phrase to have in the governing statutes and rules promulgated thereunder. *Dowd v. United States ex rel. Cook*, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 915 (1951); *Ex Parte Hull*, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941); *Coffin v. Reichard*, 143 F.2d 443 (6th Cir. 1944).

Petitioner's contention regarding the application of these cases to his cause appears to be based on a misunderstanding of the fact in each of said cases that the petition was not directed to release from custody, but to relief from onerous terms of confinement. Thus, the *fact of* custody was not directly in issue. However, while this serves to support the proposition that the writ may serve as a vehicle for relief other than release from custody, it does not mean that custody may be foregone as a prerequisite to issuance of the writ.

For this reason, Petitioner's motion seeking an Order of the Court "reopening" the case and reconsidering this Court's Decision and Entry of October 21, 1980, is not well taken and same is overruled in its entirety.

The Court notes that the Petitioner has moved, by separate pleading, for an Order of the Court granting him leave to file an amended petition for writ of habeas corpus. Said motion has been granted on this date.