**Thomas Vincent FLEMING, Petitioner,**

v.

**Robert ABRAMS, Attorney General, State of New York, Respondent.**

No. 81 Civ. 3537 (WCC).

United States District Court, S. D. New York.

Oct. 5, 1981.

**1204**

DePetris & Stewart, New York City, for petitioner; Ronald E. DePretis, New York City, of counsel.

Carl A. Vergari, Dist. Atty. of Westchester County, White Plains, N. Y., for respondent; Terry Jane Ruderman, Robert K. Mekeel, Asst. Dist. Attys., White Plains, N. Y., of counsel.

## OPINION AND ORDER

CONNER, District Judge:

Petitioner Thomas Fleming ("Fleming") presents this application for a writ of habeas corpus, 28 U.S.C. § 2241, *et seq.*, attacking his conviction for assault and criminal possession of a weapon. His petition raises questions of both jurisdiction and substance as follows: (1) whether Fleming is "in custody" under the federal habeas corpus statute; and (2) whether the judge's charge to the jury on intoxication and self defense was constitutionally defective.

*Background*

Fleming was convicted on November 8, 1978 in the County Court, County of Westchester, on two counts of assault in the second degree and criminal possession of a weapon in the fourth degree. The court sentenced Fleming to concurrent terms of zero to four years on the assault counts and one year on the possession count. The Appellate Division, Second Department, unanimously affirmed the conviction in an order dated June 30, 1980, but modified the sentence to time served. Leave to appeal to the Court of Appeals was denied. As a consequence Fleming, unlike most habeas petitioners, is not now in prison, released on bail, on parole or subject to any other form of judicial supervision.

*Discussion*

It is axiomatic that a petitioner seeking habeas relief must claim to be in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. This requirement represents more than the normal procedural prerequisite; it is a limitation on the jurisdiction of federal courts to entertain applications for the writ. 28 U.S.C. § 2254. Fleming contends that, despite his apparent freedom from the judicial process, the collateral consequences of his conviction constitute a sufficiently severe and immediate restraint to qualify as custody. The collateral consequences complained of by Fleming are not insignificant; they include the loss of a pension and employment as a police officer. Respondent disputes this interpretation of the custody requirement, arguing that the "two recognized indicia" of custody—supervisory control over the petitioner by judicial officials and the possibility of incarceration without a formal trial—are not present in this case.

Although Fleming, to his credit, candidly admits that "the case law does appear generally to support respondent's position," there has been an unquestionable relaxation of the requirement that a petitioner be under physical restraint. The writ has been made available to persons released on parole, *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), placed on probation, *United States ex rel. DeRosa v. Superior Court of New Jersey*, 379 F.Supp. 957 (D.N.J.1974), and released on their own recognizance, *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). Moreover, the Supreme Court has defined the writ so as to encompass persons

unconditionally released from prison subsequent to the filing of their petitions. See *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

On the other hand, respondent's position that the custody requirement has not been relaxed to the point urged by Fleming comports with the weight of the case law. In *Whorley v. Brilhart*, 359 F.Supp. 539 (E.D. Va.1973), the court held that the plaintiff was not "in custody" by virtue of an order preventing him, as an habitual traffic offender, from driving on the state highways for ten years. In reaching this conclusion the court described what it considered to be two useful indicia of custody.

> "First, there must be present some sort of supervisory control over the person of the petitioner. His conduct, in other words, must be subject in one degree or another to the direction of judicial officers. Second, the existence of an imminent possibility of incarceration without a formal trial and criminal conviction may create such a restraint on liberty as to constitute custody. At the least, such a possibility taken together with even minimum supervisory control would result in a finding of custody."

*Id.* at 542 (cited in *Ostrer v. Aronwald*, 434 F.Supp. 396, 398 (S.D.N.Y.), *aff'd*, 567 F.2d 551 (2d Cir. 1977)).

In *Ostrer, supra*, the plaintiff made a similar claim that collateral disabilities formed the basis for his petition for habeas relief. The plaintiff claimed that threats made by government officials to indict him presented a potential harm to his legal career. The court held that even disabilities that threaten a person's career through the loss of a license or damage to reputation do not satisfy the custody requirement. 434 F.Supp. at 399. Moreover, the Eighth Circuit has held that disabilities arising from a conviction do not constitute custody for purposes of habeas jurisdiction after the prisoner has been released. *Harvey v. State of South Dakota*, 526 F.2d 840 (8th

Cir. 1975), *cert. denied*, 426 U.S. 911, 96 S.Ct. 2236, 48 L.Ed.2d 837 (1976).[1] See also *Furey v. Hyland*, 395 F.Supp. 1356 (D.N.J. 1975), *aff'd without opinion*, 532 F.2d 746 (3d Cir. 1976) (doctor, after being given suspended sentence, not "in custody" for purposes of habeas jurisdiction despite possible loss of license and harm to reputation).

In his papers, Fleming points out that in *Carafas, supra*, the Supreme Court was influenced by the collateral consequences of the petitioner's conviction in holding that the case was not mooted by the prisoner's release after the filing of his habeas petition. See 391 U.S. at 237, 88 S.Ct. at 1559. In *Carafas* those collateral consequences included the exclusion of petitioner from certain businesses, from state elections and from jury duty. The court stated that

> "[b]ecause of these 'disabilities or burdens [which] may flow from' petitioner's conviction, he has 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.' ... On account of these 'collateral consequences,' this case is not moot."

*Id.* at 237–38, 88 S.Ct. at 1559 (citations and footnote omitted). Central to the holding in *Carafas*, however, was the fact that the petitioner was in prison when he filed his petition. Because he was in custody at that time, the court reasoned, jurisdiction had attached in the district court. Thus, the collateral consequences served only to eliminate the issue of mootness once the prisoner was released and not to define custody itself. See also *Furey*, 434 F.Supp. at 1360 (collateral consequences of conviction relevant to issue of mootness, rather than to question of jurisdiction). Analyzed in this manner, Fleming's argument that his collateral disabilities are more immediate and severe than those at issue in *Ostrer* and *Furey* loses force. While the magnitude of such restrictions following a conviction may increase a petitioner's chances of preventing his case from becoming moot, it cannot confer habeas jurisdiction.

---

**1.** The collateral disabilities at issue in *Harvey* included the loss of certain professions, the right to carry a firearm and the fact that if the

petitioner committed another crime he would be classified as a recidivist. 526 F.2d at 841.

Fleming also relies on *Glover v. State of North Carolina*, 301 F.Supp. 364 (E.D.N.C. 1969). In *Glover* the court ruled that the petitioner had standing to challenge his convictions by application for a writ of habeas corpus even though he had filed his petition after termination of the challenged sentences. *Id.* at 367–68. The court was persuaded that because the petitioner would suffer disabilities and restraints on his liberty as a result of his convictions, the custody requirement was satisfied. After tracing the expansion of the concept of custody, the court concluded that

> "[s]ince habeas corpus has been expanded to its present proportions, this court cannot make a valid distinction between the restraints on liberty that a parolee may experience and those that are experienced by one who has been convicted of a felony and subsequently unconditionally discharged. We see no reason why the writ should be available to one who has had sentences imposed consecutively to the sentence he challenges but deny it to one who has not. Should one experience a substantial restraint on his liberty as a result of a conviction that has been fully satisfied, his standing in habeas corpus should not hinge upon whether he is on parole, is eligible for parole, or has instituted his application while he was in physical custody even though unconditionally released before a final decision was rendered by the court." *Id.* at 368.

This Court is constrained to disagree with the above analysis. In my view the distinction between one on probation or parole and one who has been unconditionally released after fulfilling his sentence seems apparent. A probationer or parolee is under the supervisory control of judicial officials and is subject to special restrictions on penalty of incarceration. See *Ostrer*, 434 F.Supp. at 398. A person who has served out his sentence, while surely bearing the stigma associated with a conviction, has no judicially imposed restraints on his freedom. Although the court is aware that Fleming, in the process of exhausting his state remedies, lost his opportunity for federal habeas review because his sentence was reduced to time served, habeas was not designed to provide federal review of every state conviction. "Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." *Carafas*, 391 U.S. at 238, 88 S.Ct. at 1559. The existence of collateral disabilities arising from a conviction serve to protect the petitioner from having his case mooted when that inquiry is delayed past the period of incarceration. Because in this case Fleming was not in custody at the time he filed his petition, this Court lacks jurisdiction to entertain his application. Accordingly, the petition is denied.

SO ORDERED.