Gary R. HOLT, Petitioner,

v.

COMMONWEALTH OF VIRGINIA, Respondent.

Civ. A. No. 83–0060–D.

United States District Court, W.D. Virginia.

June 28, 1983.

---

John E. Greenbacker, Jr., Halifax, Va., for petitioner.

Linwood T. Wells, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## MEMORANDUM OPINION

KISER, District Judge.

Petitioner, Gary R. Holt, presents his petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254, attacking his state conviction for grand larceny. His petition raises questions of both jurisdiction and substance as follows: (1) whether Holt is "in custody" under the applicable federal habeas corpus statutes; and (2) whether his trial and conviction on a charge of grand larceny after having been acquitted of burglary was violative of the double jeopardy and due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## BACKGROUND

Holt was convicted on April 7, 1982, in the Circuit Court of Halifax County, Virginia, of grand larceny in violation of Virginia Code § 18.2–95. On May 19, 1982, the Court sentenced Holt to twelve (12) months in jail and required him to pay a $1,000 fine. His petition for appeal to the Supreme Court of Virginia was refused in an Order dated April 15, 1983. Because Holt was given credit for time served incident to a related burglary conviction, he, unlike most habeas petitioners, is not now incarcerated, released on bail, on parole, or subject to any other form of judicial supervision.

## DISCUSSION

A state prisoner seeking federal habeas corpus relief must be in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241 and 2254.

In recent years, the concept of custody for purposes of habeas corpus has been relaxed considerably. No longer is it necessary for a petitioner to be under actual, physical restraint in prison or jail to obtain habeas relief. The writ has been made available to a person released on parole, *Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), placed on probation, *Benson v. California,* 328 F.2d 159 (9th Cir.1964), *cert. denied,* 380 U.S. 951, 85 S.Ct. 1086, 13 L.Ed.2d 970 (1965), or released on his own recognizance, *Hensley v. Municipal Court,* 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). In *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), the Supreme Court held that if the petitioner is in custody when his application for habeas corpus is filed, federal jurisdiction is not defeated by his unconditional release from incarceration prior to completion of proceedings on the habeas petition.

Moreover, in *Wright v. Bailey,* 544 F.2d 737 (4th Cir.1976), *cert. denied,* 434 U.S. 825, 98 S.Ct. 72, 54 L.Ed.2d 82 (1977), the Fourth Circuit held that when the sole punishment imposed was a fine with no provision for incarceration in the event of non-payment,

the petitioner is not in custody within the intendment of habeas corpus jurisdiction. In *Harris v. Ingram,* 683 F.2d 97 (4th Cir. 1982), the Court stated that a federal district court has no jurisdiction to hear a § 2254 petition challenging a prior state conviction, the sentence for which has been fully served prior to application for the writ of habeas corpus.

Holt maintains that habeas corpus relief has been granted when a petitioner has completed his sentence but still confronts significant disabilities stemming from the conviction. He directs the Court's attention to the following cases, none of which control the issue now before the Court: *Jones v. Cunningham, supra; Carafas v. LaVallee, supra; Thomas v. Cunningham,* 335 F.2d 67 (4th Cir.1964); *Tucker v. Peyton,* 357 F.2d 115 (4th Cir.1966); and *Glover v. State of North Carolina,* 301 F.Supp. 364 (E.D.N.C.1969).

*Carafas, supra,* and *Thomas, supra,* both stand for the proposition that the expiration of a petitioner's sentence, before his habeas petition was finally adjudicated, does not terminate federal jurisdiction with respect to the application. Holt was not in custody at the time of the filing of his petition so no federal habeas jurisdiction was ever attached. Because Holt had not been released on parole, his reliance on *Jones, supra,* is also misplaced.

In *Tucker, supra,* the Court held that a state prisoner may attack by way of habeas corpus sentences he has fully served without questioning the validity of the sentence under which he was currently being confined. In reversing the District Court's dismissal of the habeas petition, the Fourth Circuit theorized that if these earlier sentences were invalid and the prisoner's records were adjusted to give credit for time served, he possibly would be entitled to immediate release. The case at bar can be significantly distinguished from *Tucker, supra,* because in his petition, Holt only attacks the validity of his grand larceny conviction, not any earlier convictions.

In *Glover v. State of North Carolina, supra,* the Court ruled that the petitioner

had standing to challenge his convictions through habeas corpus even though his petition was not filed while he was serving the sentence he was challenging. Noting that no valid distinction existed between disabilities and restraints on liberty a parolee would experience and those encountered by one convicted of a felony and unconditionally discharged, the court concluded that the custody requirement was satisfied. Thirteen years after the *Glover* decision, however, the Fourth Circuit, in *Harris, supra,* declined to relax the custody requirement to encompass a petitioner who, like Holt, filed his habeas petition after having completed serving the sentence challenged.

The Supreme Court, speaking through Justice Brennan, explains:

"The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty. Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe or immediate." *Hensley,* 411 U.S. at 351, 93 S.Ct. at 1574.

Central to the holding in *Hensley* was the fact that the petitioner's incarceration there was neither "a speculative possibility that depends on a number of contingencies over which he has no control" or "a case where the unfolding of events may render the entire controversy academic." *Id.* at 351–352, 93 S.Ct. at 1574–1575.

■ Against this background, the Court must determine whether the collateral consequences that Holt experienced as a result of his felony conviction amounted to the "severe restraints on individual liberty" discussed by the *Hensley* court. Specifically, the question presented is whether Holt is in custody by virtue of a state court conviction which resulted in a twelve (12) month jail sentence that has been fully served and a $1,000 fine with no provision for incarceration in the event of non-payment.

As to the jail sentence which Holt had already completed prior to the filing of his habeas petition, Holt maintains that, despite his apparent freedom from the judicial process, the right to vote and possible impeachment as a convicted felon when testifying in court constitute severe restraints on his personal liberties. While there are significant disabilities and restraints[1] arising from his conviction, the Court can find no decision by the Supreme Court nor by the Fourth Circuit which provides that the presence of such collateral disabilities warrants further relaxation of the custody requirement. "A person who has served out his sentence, while surely bearing the stigma associated with a conviction, has no judicially imposed restraints upon his freedom." *Fleming v. Abrams,* 522 F.Supp. 1203, 1206 (S.D.N.Y.1981), *aff'd,* 697 F.2d 290 (2nd Cir.1982). Accordingly, the Court holds that the restrictions arising from Holt's felony conviction cannot confer habeas jurisdiction. *See also, Whorley v. Brilhart,* 359 F.Supp. 539, 542 (E.D.Va.1973); *Harvey v. State of South Dakota,* 526 F.2d 840, 841 (8th Cir.1975), *cert. denied,* 426 U.S. 911, 96 S.Ct. 2236, 48 L.Ed.2d 837 (1976); *Welch v. Falke,* 507 F.Supp. 264, 266 (S.D. Ohio 1980).

Turning to the $1,000 fine, the Court points out that the court below made no mention of possible incarceration in the event of non-payment. The record also fails to reveal whether this fine has been paid. Even if the fine remains unpaid, this fact alone does not subject Holt to any significant restraint on his liberty. *Wright v. Bailey, supra.* As the court stated in *Pueschel v. Leuba,* 383 F.Supp. 576, 582 (D.Conn.1974): "It would be inappropriate to predicate habeas corpus jurisdiction on the speculative possibility as to whether, following this litigation, [petitioner] will decline to pay the fine and what the state might do in that event. Collection procedures might not necessarily involve risk of incarceration." *See, Edmunds v. Won Bae Chang,* 509 F.2d 39, 40–41 (9th Cir.1975), *cert. denied,* 423 U.S. 825, 96 S.Ct. 39, 46 L.Ed.2d 41 (1975); *United States Ex Rel. Dessus v. Commonwealth of Pennsylvania,* 452 F.2d 557, 559–561 (3rd Cir.1971); *Westberry v. Keith,* 434 F.2d 623, 624 (5th Cir. 1970); *Duvallon v. Florida,* 691 F.2d 483 (11th Cir.1982); *Furey v. Hyland,* 395 F.Supp. 1356, 1358–1363 (D.N.J.1975). Furthermore, Virginia Code § 19.2–340, in pertinent part, provides: "Fines imposed . . . in a criminal prosecution for committing an offense against the state shall constitute a judgment in favor of the Commonwealth, and, if not paid at the time they are imposed, execution may issue thereon in the same manner as upon any other money judgment."

Because Holt was not in custody at the time he filed his petition for habeas corpus, this Court lacks jurisdiction. Accordingly, the petition is denied.

---

1. In Virginia, a convicted felon cannot (1) serve as a juror (Va.Code § 8.01–338); (2) possess a firearm (Va.Code § 18.2–308.2); or (3) vote (Art. II, § 1, Constitution of Va.; Va.Code § 24.1–42). Also, being convicted of a felony may disqualify a person from engaging in certain businesses or professions. See, for example: (1) Va.Code. § 54–73 (attorney); (2) Va. Code § 54–187 (dentist); (3) Va.Code § 54– 200.18 (dental hygienist); (4) Va.Code § 54–260.74 (funeral director); (5) Va.Code § 54–317 (medical doctor); (6) Va.Code § 54–367.32 (nurse); (7) Va.Code § 54–388 (optometrist); (8) Va.Code § 54–524.35 (pharmacist); (9) Va. Code § 54–786.4 (veterinarian); (10) Va.Code § 54–824.11 (auctioneer); and (11) Va.Code § 54–967 (geologist).