Kevin THOMAS, Petitioner,

v.

John MORGAN, Respondent.

No. 3:99CV7680.

United States District Court, N.D. Ohio, Western Division.

Aug. 25, 2000.

Kevin Thomas, Marion, OH, pro se.

Stephanie L. Watson, Office of the Attorney General, Columbus, OH, for Respondent.

### OPINION AND ORDER

POTTER, Senior District Judge.

This matter is before the Court on Kevin Thomas' amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, respondent's answer, and petitioner's traverse. Petitioner is currently incarcerated at North Central Correctional Institution in Marion, Ohio.

As an initial matter, the Court finds that petitioner was afforded a full and fair hearing in state court. Furthermore, the petition may be resolved from the record.

Therefore, an evidentiary hearing is not required. *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), *Amos v. Scott,* 61 F.3d 333 (5th Cir.1995); Rule 8 of Rules Governing § 2254 Proceedings. Furthermore, for the reasons hereinafter stated, petitioner's habeas petition is denied.

In 1992, the Cuyahoga County Grand Jury returned two indictments charging petitioner with a total of thirteen counts. First, in May 1992, in Case No. CR–282625 petitioner was charged with one count of attempted rape in violation of Ohio Rev. Code §§ 2907.02 and 2923.02, five counts of gross sexual imposition in violation of Ohio Rev.Code § 2907.05, two counts of felonious sexual penetration in violation of Ohio Rev.Code § 2907.12, and one count of kidnaping in violation of Ohio Rev.Code § 2905.01. Respondent's Exhibit 3. Following a jury trial in December 1992, petitioner was found guilty on all counts, except for the kidnaping charge and sentenced accordingly. Respondent's Exhibit 1.

Second, in October 1992, in Case No. 286638 petitioner was charged with one count of rape in violation of Ohio Rev.Code § 2907.02, one count of felonious sexual penetration in violation of Ohio Rev.Code § 2907.12, one count of gross sexual imposition in violation of Ohio Rev.Code § 2907.05, and one count of kidnaping in violation of Ohio Rev.Code § 2905.01. Respondent's Exhibit 13. On February 2, 1993, petitioner entered a plea of guilty to a lesser charge of sexual battery in violation of Ohio Rev.Code § 2907.03. Respondent's Exhibit 2. A nolle prosequi was entered as to the remaining counts. Id. Petitioner was sentenced accordingly. Id.

Subsequently, the Department of Rehabilitation and Correction requested a hearing, pursuant to Ohio Rev.Code § 2950.09(B), to determine whether petitioner should be classified as a sexual predator. Respondent's Exhibit 30, p. 3. The hearing was held in the Cuyahoga County

Court of Common Pleas on April 21, 1997.[1] At the hearing, petitioner was represented by counsel and allowed to submit evidence. Consequently, the trial court determined petitioner to be a sexual predator pursuant to Ohio Rev.Code § 2950.09(B). Transcript of Proceedings Volume IV, p. 26; Respondent's Exhibit 22. Petitioner filed a notice of appeal on May 19, 1997. Respondent's Exhibits 23 and 24. Represented by counsel, petitioner raised the following assignments of error:

> *FIRST ASSIGNMENT OF ERROR:* O.R.C. 2950.09(B) IS UNCONSTITUTIONALLY VAGUE AND DENIES THE APPELLANT DUE PROCESS OF LAW.
>
> *SECOND ASSIGNMENT OF ERROR:* O.R.C. 2950.09(B) IS AN EX POST FACTO LAW.
>
> *THIRD ASSIGNMENT OF ERROR:* O.R.C. 2950.09(C) DENIES THE APPELLANT EQUAL PROTECTION UNDER THE LAW.
>
> *FOURTH ASSIGNMENT OF ERROR:* O.R.C. 2950.09(C) IS CONTRARY TO THE DOUBLE JEOPARDY CLAUSES OF THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION.
>
> *FIFTH ASSIGNMENT OF ERROR:* THE [PETITIONER'S] PLEA IS NOT VOLUNTARILY AND KNOWINGLY MADE PURSUANT TO CRIM. RULE 11(C).

Respondent's Exhibit 26. The Cuyahoga County Court of Appeals sua sponte stayed the proceedings pending the Ohio Supreme Court's ruling on *State v. Cook,* 83 Ohio St.3d 404, 700 N.E.2d 570 (1998), and nine other cases virtually identical to petitioner's appeal. Respondent's Exhibit 27. Upon the Ohio Supreme Court's de-

termination of *Cook* in September 1998, the court of appeals vacated the stay and proceeded with petitioner's appeal. Respondent's Exhibit 28. On May 24, 1999, after reviewing the merits, the court of appeals rejected petitioner's challenges and affirmed the decision of the trial court. Respondent's Exhibit 30. Although petitioner sought review in the Ohio Supreme Court, his appeal was dismissed on September 22, 1999, as not involving any substantial constitutional question.

Petitioner filed the instant habeas petition on November 3, 1999, raising the following grounds for relief:

> *Ground One:* WHETHER O.R.C. § 2950.09(B) IS UNCONSTITUTIONALLY VAGUE AND DENIES THE APPELLANT THE DUE PROCESS OF LAW.
>
> *Supporting Facts:* In January 1993, [petitioner] was convicted of one count of attempted rape two counts of felonious sexual penetration and five counts of gross sexual penetration. In 1992, [petitioner] was convicted of Sexual Battery, The Department of Rehabilitation and Correction requested a hearing, pursuant to R.C. § 2950.09(B), and on April 21, 1997 the Court of Common Pleas Cuyahoga County determined [petitioner] to be a Sexual Predator: [petitioner] was not sentenced on or after January 1, 1997 for the Department of Rehabilitation and Correction to even request a hearing let alone be classified as a sexual predator. Further where the petitioner was never indicted for nor did the indictment include a sexually violent predator specification imposition of the predator is unconstitutional.
>
> *Ground Two:* WHETHER A CONVICTION AND SENTENCE UNDER

---

1. For completeness of the record, prior to the hearing petitioner filed several motions to dismiss. First, on April 15, 1997, petitioner, represented by a public defender filed a motion to dismiss the sexual predator determination hearing arguing that the proceedings violated the ex post facto clause of the United States Constitution. Respondent's Exhibits

14 and 15. Second, on April 18, 1997, petitioner, represented by counsel, filed a motion to dismiss the sexual predator determination proceedings arguing that the proceedings violated the equal protection, due process, and double jeopardy clauses of the United States Constitution and the Ohio Constitution. Respondent's Exhibits 18 and 19.

THE LAW THAT VIOLATES THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION IS VOID.

*Supporting Facts:* If it is evident that here the statute of R.C. § 2950.09(B) express that * * * if a person is to be sentenced on or after the effective date of this section, or on or after January 1, 1997 the judge shall conduct a hearing to determine whether the offender is a sexual predator, precludes this petitioner from such classification. A conviction and Sentence under a law that violates the Ex Post Facto Clause of Article I § 10 of the United States Constitution is void. Period. The petitioner had the right to defend himself as a repeat and or dangerous offender at time of trial then. To apply the classification as a repeat or dangerous offender now violates the Ex Post Facto Clause of the United States Constitution.

*Ground Three:* WHETHER O.R.C. § 2950.09(C) DENIES THE PETITIONER OF THE EQUAL PROTECTION UNDER THE LAW.

*Supporting Facts:* The Department of rehabilitation and Correction cannot request a hearing for an individual convicted of or previously sentenced to a term of imprisonment for a sexually oriented offense prior to 1996. The law simply was not in effect at the time. The legislative powers usage and the executive powers usage of the statute and the ODRC precludes the effective dates of the act, principally on the previous condition of involuntary servitude of an offender. Making this an equal protection and Due process violation as well. The language of this act doesn't imply, that the act is not retroactive in application however, it does not state that it is retroactive or remedial.

*Ground Four:* WHETHER O.R.C. § 2950.09(C) IS CONTRARY TO THE DOUBLE JEOPARDY CLAUSES OF THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION.

*Supporting Facts:* The double jeopardy clause of the United States Constitution forbids a second trial for purposes of affording the prosecution another opportunity to supply evidence which it failed to muster in the forst[sic] proceeding. If the prosecution did not deem the offender a repeat or dangerous offender at the first trial, it is in violation of the double jeopardy clause of the United States Constitution to deem him one now as a sexually violent predator.

In the answer, respondent argues that petitioner's claims are not cognizable on federal habeas corpus review. Initially, the Court notes that habeas relief is available if the petitioner is in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). In the case sub judice, petitioner is not attacking the conviction or sentence for which he is currently incarcerated, nor is petitioner challenging the validity of a future sentence. Rather, petitioner is challenging the constitutionality of a state statute. Specifically, petitioner challenges Ohio Rev.Code § 2950.09, pursuant to which the Cuyahoga County Common Pleas Court entered a ruling classifying him as a "sexual predator."[2]

2. Enacted in 1963, Ohio's sex offender registration statute was amended in 1996 and the amendments became effective in 1997. *See* Ohio Rev.Code § 2950; *State v. Cook,* 83 Ohio St.3d 404, 406, 700 N.E.2d 570 (1998). Similar to sex offender registration laws enacted in all fifty states as well as on the federal level, Ohio Rev.Code § 2950 contains three primary provisions: (1) classification of sex offenders; (2) registration requirements; and (3) community notification. *Cook,* 83 Ohio St.3d at 406, 700 N.E.2d 570. Under Ohio law, a sex offender may be classified as either a sexually oriented offender, a habitual sex offender, or a sexual predator. *Id.* at 407, 700 N.E.2d 570.

The provision which provides for the classification of a person as a sexual predator became effective on January 1, 1997. § 2950.09. A sexual predator is "a person who has been

■ The federal writ of habeas corpus is the appropriate remedy when a petitioner challenges "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release from that imprisonment." *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). In other words, the person who is in custody is challenging the conviction or sentence which resulted in the unconstitutional "custody." Although generally recognized as actual, physical custody, a petitioner may be considered "in custody" for purposes of habeas review if the petitioner is subject to restraints not shared by the public generally. *Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara County, California,* 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). However, a petitioner not in physical custody must be subject to some sort of supervisory control along with the imminent possibility of incarceration without a formal trial and criminal conviction so as to impose such a restraint on liberty as to constitute custody. *Id.*

■ The custody requirement is not satisfied by the collateral disabilities resulting from a conviction, such as the susceptibility to deportation, the inability to pursue certain professions, possess firearms, or serve as a juror, or the potential for future sentencing as a recidivist. *See Maleng v. Cook,* 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (possibility that prior conviction will be used to enhance sentence for future convictions not sufficient to render person "in custody" for purposes of habeas review); *Kandiel v. United States,* 964 F.2d 794 (8th Cir.1992) (being held by INS pending deportation not "in custody" for purposes of habeas review); *Welch v. Falke,* 507 F.Supp. 264 (S.D.Ohio 1980) (fact that conviction rendered petitioner ineligible for record expungement not sufficient to render "in custody" for purposes of habeas review). Similarly, the classification of a sex offender as a sexual predator is a collateral disability resulting from a conviction and thus does not satisfy the "in custody" requirement of federal habeas corpus. *See, Williamson v. Gregoire,* 151 F.3d 1180 (9th Cir.1998) (petitioner who had completed sentence but was required to register as sex offender under state law was not "in custody" for purposes of habe-

convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." § 2950.01(E). A person classified as a sexual predator is subject to the most frequent and long term registration requirements.

Generally, the determination of whether a person is a sexual predator occurs before sentencing or if applicable, during the sentencing hearing. *See* § 2950.09. However, if a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, was sentenced prior to January 1, 1997, and is serving a term of imprisonment in a state institution on or after January 1, 1997, the department of rehabilitation and correction determines whether to recommend that the offender be adjudicated a sexual predator. § 2950.09(C)(1). The department sends the recommendation to the court that sentenced the offender. § 2950.09(C). A person may not be adjudicated a sexual predator unless a hearing is held. Id. Upon a determination by the court that a hearing should be held, both the offender and the prosecutor receive notice of the hearing. § 2950.09(B). The offender

has the right to be represented by counsel, testify, present evidence, call witnesses and cross examine witnesses. Id.

In making the determination whether to classify an offender as a sexual predator, the court must consider all relevant factors, including but not limited to specific factors listed in § 2950.09(B)(2). Id. The court must find by clear and convincing evidence that the offender is a sexual predator. Id. Both the offender and the prosecutor have the right to appeal the decision and the offender has the right to counsel. Id.

A person adjudicated as a sexual predator is not subject to a sentence, i.e. imprisonment or probation. However, a sexual predator is subject to registration upon initial release from prison, periodic verification of address, and registration before moving to a different jurisdiction. § 2950. Failure to register as required is a criminal offense, either a felony or misdemeanor, depending on the seriousness of the underlying offense which gave rise to the classification as a sexual predator. § 2950.99.

**768**

as relief), cert. denied, 525 U.S. 1081, 119 S.Ct. 824, 142 L.Ed.2d 682 (1999). Since a petitioner is not "in custody" for purposes of habeas review by virtue of the fact that he was classified as a sexual predator and as a result must register upon release from prison, there is no "illegal custody" to remedy. As such petitioner's claims are not cognizable in federal habeas corpus.

 As his sole argument, petitioner contends that his petition is subject to federal habeas review because his classification as a sexual predator may be used, at some point in the future, by the parole board to deny petitioner parole and force him to serve his full sentence. Even assuming that a petitioner could properly bring a claim in habeas based on the speculative possibility of future harm, petitioner has no inherent constitutional right to parole. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Furthermore, since Ohio has a purely discretionary parole system, inmates have no state-created liberty interest in parole. *Jago v. Van Curen,* 454 U.S. 14, 20, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981). As such, petitioner may not challenge the procedures used to deny parole. Thus, the Court finds petitioner's argument to be without merit.

Further, for the foregoing reasons, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, *see* Fed. R.App. P. 24(a), and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b); *Kincade v. Sparkman,* 117 F.3d 949, 951 (6th Cir.1997).

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that the petition for writ of habeas corpus be, and hereby is, DENIED; and it is

FURTHER ORDERED that the petitioner is denied a certificate of appealability; and it is

FURTHER ORDERED that the petitioner is denied leave to file an appeal *in forma pauperis.*